Valencia W. Dimock v. Joe W. Dimock

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-099-CV

VALENCIA W. DIMOCK APPELLANT

V.

JOE W. DIMOCK APPELLEE

------------

FROM COUNTY COURT AT LAW NO. 2 OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Pursuant to Civil Practice & Remedies Code section 51.014(d), Appellant Valencia W. Dimock timely perfected this interlocutory appeal from the trial court’s March 30, 2004 “Order Regarding Validity of the Postnuptial Agreements.”  
Tex. Civ. Prac. & Rem. Code Ann.
 § 51.014(d) (Vernon Supp. 2004).  The trial court signed an order authorizing this appeal, and both parties agreed to the order.  All statutory requisites have been met in this permissive interlocutory appeal, and this court “may permit an appeal to be taken” from the trial court’s order. 
 
Id.
 § 51.014(f).

We have closely reviewed the issue presented:  Whether the parties’ post-nuptial partition agreement is enforceable.  Resolution of this issue pivots on fact issues that must be resolved in the trial court.  
See
 
Tex. Fam. Code Ann.
 §§ 4.001-.206 (Vernon 1989).  The case-by-case resolution of the enforceability of a particular postnuptial partition agreement does not involve a “controlling question of law as to which there is a substantial ground for difference of opinion.”  
Tex. Civ. Prac. & Rem. Code Ann.
 § 51.014(d)(1).  Accordingly, we deny the application for interlocutory appeal.
  See id
.
 § 5114(d).  We also deny as moot Appellant’s “Motion to Extend Time to Request Clerk’s Record and Court Reporter’s Record.” 

SUE WALKER

JUSTICE

PANEL B: HOLMAN, GARDNER, and WALKER, JJ.

DELIVERED: May 6, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.